UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
POLCOM USA, LLC,                                         :

                    Plaintiff,            :  Case No.: 1:20-cv-9206 (NRB)

        vs.                                       :

AFFILIATED FM INSURANCE COMPANY  :
and ZURICH AMERICAN INSURANCE
COMPANY,                                                 :

                  Defendants.           :
------------------------------------------------------------X
------------------------------------------------------------X
M. A. MORTENSON COMPANY,                 :

                  Plaintiff,            :  Case No.: 1:22-cv-0092 (NRB)

        vs.                                       :

ZURICH AMERICAN INSURANCE                :
COMPANY,
                                                   :
                  Defendant.
------------------------------------------------------------X

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

**IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff Polcom USA, LLC ("Polcom"), Plaintiff M. A. Mortenson Company ("Mortenson"), Defendant Affiliated FM Insurance Company ("FM") and Defendant Zurich American Insurance Company ("Zurich") (individually, a "Party," and collectively, the "Parties"), through their respective undersigned counsel, that the following terms and conditions of this Stipulated Confidentiality and Protective Order (the "Order") shall govern the handling of documents, things, depositions, deposition exhibits, written discovery responses, testimony, portions of any of these things, and any other

information produced, given, or exchanged between or among any Parties to this action and any other Party or non-parties in this action (collectively, the "Materials").  The Parties agree to avoid waiver of privilege or work product protections through the maximum protections afforded by the Federal Rules of Civil Procedure and any other applicable law, rule or statute.

This Order does not confer blanket protection on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle Parties to file confidential information under seal.

**Confidential Material**

1. Any Party that produces documents or information, or provides testimony in this action, may designate as "Confidential" and subject to this Order any Material: (a) containing or reflecting trade secrets or proprietary, commercial, financial, technical, competitively sensitive, or other confidential business information or data; (b) containing personal/private information; (c) containing information received in confidence; or (d) that the producing Party otherwise believes in good faith to be entitled to protection under the Federal Rules of Civil Procedure or other applicable law, rule, or statute (collectively, the "Confidential Material"). The following information shall not be considered Confidential Material under this Order: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a Party as a result of a publication not involving a violation of this Order; (c) information already known to a Party through proper means prior to disclosure; and (d) information that is or becomes available to a Party from a source other than the Party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

2. Any Party or other person or entity giving deposition testimony or counsel for a Party in this action may designate such testimony or any portion thereof, or deposition exhibits or any portion thereof (to the extent not already designated as confidential or protected), as Confidential Material by advising the reporter and all Parties of such designation during the deposition or by letter to the reporter and all Parties within 15 calendar days of receipt of the final transcript of the deposition testimony, except in the event that a hearing on related issues is scheduled to occur before the 15-day period is complete, in which case the 15-day period will be reduced to 3 business days after any Party provides notice that such designation is necessary in light of the upcoming hearing. Deposition testimony and deposition exhibits shall be treated as Confidential Material, as designated, at least until that 15-day period has expired. Transcripts of deposition testimony designated as Confidential Material shall be marked "**CONFIDENTIAL INFORMATION, S.D.N.Y. Case No. 1:20-cv-9206 (NRB)**" on each page.

3. Confidential Material may be used only for purposes of this litigation and shall not be used for any other purpose. Confidential Material shall not be disclosed to anyone other than those listed in Paragraph 4 of this Order, unless the receiving Party obtains prior written agreement form the producing Party or this Court orders otherwise.

4. Confidential Material may only be disclosed to the following individuals and, where applicable, under the following conditions:

    a. The Parties to this litigation and their counsel of record, outside counsel, and in-house counsel,

    b. The officers, directors, employees, representatives, advisers, or agents of the Parties or the Parties' parents, ultimate parents, or affiliates who have

|   |   |
|---|---|
|   | a need to know or see the Confidential Material for purposes of this action; |
| c. | The third-party administrators, including program administrators, claim administrators, or underwriting administrators, engaged by the Parties who have a need to know or see the Confidential Material for purposes of this action; |
| d. | The retained experts or consultants of the Parties to this litigation, provided that prior to disclosure, the expert or consultant must execute an "Agreement to be Bound by Stipulated Confidentiality and Protective Order" in the form attached hereto as Exhibit A; |
| e. | This Court and this Court's personnel; |
| f. | Any mediator or arbitrator engaged by the Parties to this litigation; |
| g. | During their depositions, or in preparation for their depositions, any deponent or witness in this litigation to whom disclosure is reasonably necessary, provided that prior to disclosure, the deponent or witness must execute the attached "Agreement to be Bound by Stipulated Confidentiality and Protective Order," unless otherwise agreed by the designating Party or ordered by the Court; |
| h. | The vendors retained by the Parties to this litigation, to assist in preparing or cataloging discovery, for trial, and/or for hearings including, without limitation, court reporters, litigation support personnel, jury consultants, data retrieval and storage vendors, and demonstrative and audiovisual aid companies; |

   i. The secretarial, paralegal, clerical, duplicating, and data processing personnel of anyone listed in subparts (a)-(g) above;

   j. The author or recipient of a document containing the Confidential Material or a custodian or other person who otherwise possessed or knew the information;

   k. To the extent contractually obligated, any insurer or reinsurer, and the Parties' outside or in-house auditors as necessary in fulfilling their responsibilities in respect to this matter;

   l. Regulatory authorities if required by such regulatory body; and

   m. Other persons only after notice to all parties and upon order of the Court, or upon written consent of the Parties.

5. Designation of any document as "Confidential" must be made before a copy of the document is disclosed or produced. Each page of any document subject to this Order shall be stamped or otherwise affixed with the legend "**CONFIDENTIAL INFORMATION, S.D.N.Y. Case No. 1:20-cv-9206 (NRB)**" in a manner that does not interfere with the legibility of the document to indicate that it is subject to this Order.  Any confidential designation that is inadvertently omitted subsequent to the Court's Order may be corrected by written notification to opposing counsel.

6. Nothing contained in this Order shall be construed to restrict the use or disclosure of Confidential Material at trial, as exhibits during depositions, or in connection with motions filed with the Court.  Further, nothing herein shall be construed to limit any Party's ability to object to the admissibility of Confidential Material at trial for any reason.

7. If any Party seeks to file any of the Confidential Material with the Court, they shall seek to file such documents under seal.

8. If counsel for a Party receiving Confidential Material objects to the designation in whole or in part, counsel shall serve on the designating Party a written objection describing with particularity the ground for objection within fourteen (14) days of receipt thereof. Counsel for the designating Party shall respond to the objection in writing within fourteen (14) days, and state with particularity the grounds in support of the designation and how/why it is appropriate for the information at hand. If the designating Party does not timely respond to the objection, the objection stands and the challenged designation is deemed void. If a timely written response is made to the objection, counsel shall confer in good faith within ten (10) days by telephone in an effort to resolve the dispute. If the dispute cannot be resolved, the proponent of the challenged designation shall present the dispute to this Court. The Parties may, by written agreement, enlarge the deadlines set forth in this paragraph.

9. Inadvertent failure to designate information or material, including deposition transcripts, as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such material as "Confidential," in which event the designating party shall, at its own expense, provide new copies of the newly designated materials to the receiving parties. The parties receiving such supplemental written notice shall thereafter treat the information and materials so designated as "Confidential," and such information or materials shall be fully subject to this Order as if they had been initially so designated. When information or material is subsequently designated as "Confidential" all receiving Parties shall in good faith assist the producing Party in retrieving such material from all persons to whom they provided such material before it was designated as "Confidential," but

who as a result of that subsequent designation are not entitled to possess such material under the terms of this Order, and shall prevent further disclosures except as authorized under the terms of this Order.

10. If any Party or counsel learns, that by inadvertence or otherwise, Confidential Materials have been disclosed to anyone under any circumstance not authorized by this Order, that person must immediately: (1) notify the designating Party by telephone and email; (2) use its best efforts to retrieve all unauthorized copies of the Confidential Materials; (3) inform the person to whom the unauthorized disclosures were made of all of the terms of this Order; and (4) request that such person abide by the conditions of this Order.

11. The following information shall not be considered Confidential Material under this Order: (a) information in the public domain; (b) information that becomes part of the public domain after its disclosure to a Party as a result of a publication not involving a violation of this Order; (c) information already known to a Party through proper means prior to disclosure; and (d) information that is or becomes available to a Party from a source other than the Party asserting confidentiality that obtained the information lawfully and under no obligation of confidentiality.

**Privileged Information**

12. The production of documents, electronically stored information ("ESI") or other Material subject to the attorney-client privilege, work product doctrine, consulting expert exemptions, or any other privilege or immunity ("Privileged Information"), whether inadvertent or otherwise, does not constitute a waiver of any applicable privilege or protection from discovery in this action or in any other federal or state proceeding. Further:

a. If a receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the producing Party, and identify the document in question, within ten (10) business days of such discovery.

b. Upon discovery by a producing Party (whether by notice from the receiving Party, or otherwise) that it did or may have produced Privileged Information, the producing Party shall, within ten (10) days of such discovery, request the return of such Privileged Information by sending a written notification ("Clawback Letter") to the receiving Party.  The Clawback Letter shall (i) identify the documents or ESI in question by Bates number or otherwise; (ii) identify the bases on which the privileged information should have been withheld from production; and (iii) provide a privilege log entry for each identified document or a cross-reference to an existing privilege log entry for such documents.  The requirements in this paragraph apply equally to instances in which a producing Party discovers during a deposition that it did or may have produced Privileged Information.  For purposes of this protocol, "discovery" shall mean "actual notice;" production of Privileged Information alone is insufficient to constitute actual notice.

c. Upon receipt of a Clawback Letter, the receiving Party shall promptly destroy or delete all documents or ESI containing Privileged Information identified in the letter, and all reproductions or summaries thereof regardless of whether the receiving Party plans to challenge the claim of

        privilege.  The receiving Party shall follow these procedures regardless of whether a document is comprised fully or partially of Privileged Information.  The producing Party shall, within twenty (20) business days of the date of the Clawback Letter, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

d.     If a receiving Party disagrees with a claim of privilege set forth in a Clawback Letter, it shall notify the producing Party and provide the basis for disputing the privilege claim in writing.  The producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.  Thereafter, the Parties shall meet and confer in a good faith attempt to resolve the dispute.

e.     In the event that the Parties do not resolve their dispute, the producing Party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, the producing Party shall submit to the Court, under seal and for in camera review, a copy of the disputed Privileged Information in connection with its motion papers.  This in camera submission to the Court shall not constitute a waiver of any privilege or protection.  Any motion to determine whether a privilege applies shall be filed no later than fifteen (15) days after the Parties meet and confer.  All documents and ESI identified in any Clawback Letter shall be included in the privilege logs produced by the Parties.  The

        obligations of the Parties set forth in this section apply irrespective of the care taken by the producing Party to prevent inadvertent disclosure.

f.      Except as expressly set forth herein, nothing in this section, or elsewhere in this stipulation, shall limit the bases on which a receiving Party may challenge the assertion of any privilege or protection by the Producing Party.

g.      Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

h.      Nothing herein shall prevent the receiving Party from challenging the propriety of the Privileged Information designation by submitting a written challenge to the Court, but such a challenge does not relieve a receiving Party of its obligation to return or delete materials pursuant to sub-part (c) above, and the receiving Party shall not assert as a basis for the challenge the fact or circumstances of the prior production of those materials. If the receiving Party submits such a challenge to the Court, the producing Party must promptly present the material to the Court under seal for a determination of the claim.

i.      The receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this Paragraph for any purpose until the matter is resolved by agreement of the Parties or by the Court.

j.  In addition to any other obligation to preserve documents, the producing Party must preserve any documents recalled under this Paragraph for the duration of this litigation.

**Other Matters**

13. This Order does not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Order is entered without prejudice to the right of any Party to move the court for modification of or relief from any of its terms.

14. Any person subject to this Order (including any of the Parties) who in another proceeding becomes subject to a motion to disclose another Party's information designated Confidential pursuant to this Order shall promptly notify that Party of the motion so that Party may have an opportunity to appear and be heard in the other proceeding. Such notice must be in writing and shall include a copy of the motion.

15. Upon final settlement or other conclusion of this litigation, including any appeal, each Party subject to this Order must either return all original Confidential Material to the originating source or maintain and keep all Confidential Material confidential in accordance with this Order.

16. This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties.

17. The Parties agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.

18. This Order shall survive the final termination of the case and remains in full force and effect unless modified by court order or by written stipulation of the Parties.

**ERTMAN DULIS & HELISEK PLLC**

By: /s/ John C. Ertman (with permission)
John C. Ertman
112 W. 34th Street, 18th Floor
New York, New York  10120
(917) 846-3603

*Attorneys for Plaintiff Polcom USA LLC*

Dated:  3/2/2022


**MASLON LLP**

By: /s/ Rikke Dierssen-Morice (with permission)
Rikke Dierssen-Morice (admitted *pro hac vice*)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
(612) 672-8389

*Attorneys for Plaintiff M.A. Mortenson Company*

Dated:  3/2/2022


**DUANE MORRIS LLP**

By: /s/ Damon N. Vocke (with permission)
Damon N. Vocke
1540 Broadway
New York, New York  10036
(212) 692-1059

*Attorneys for Defendant Affiliated FM Ins. Co.*

Dated:  3/2/2022


**FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.**

By: /s/ Michael L. Anania
Michael L. Anania
John A. Mattoon
Wall Street Plaza, 16th Floor
New York, New York  10005

and

**LANE POWELL PC**
David M. Schoeggl (admitted *pro hac vice*)
Michael M. Brown (admitted *pro hac vice*)

*Attorneys for Defendant Zurich American Insurance Company*

Dated:  3/2/2022


**SO ORDERED.**

_____
Hon. Naomi Reice Buchwald
United States District Court Judge
Dated:  March 3, 2022

## Exhibit A

## AGREEMENT TO BE BOUND BY STIPULATED
## CONFIDENTIALITY AND PROTECTIVE ORDER

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of documents and information that have been designated in this litigation as "CONFIDENTIAL INFORMATION, S.D.N.Y. Case No. 1:20-cv-9206 (NRB)." I agree that I will not disclose such confidential documents and information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Print Name:_____

Date: _____