UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
POLCOM USA, LLC,                              :

              Plaintiff,                  :  Case No.: 1:20-cv-9206 (NRB)

      vs.                                            :

AFFILIATED FM INSURANCE COMPANY  :
and ZURICH AMERICAN INSURANCE
COMPANY,                                         :

             Defendants.            :
------------------------------------------------------------X
------------------------------------------------------------X
M. A. MORTENSON COMPANY,           :

             Plaintiff,                  :  Case No.: 1:22-cv-0092 (NRB)

      vs.                                            :

ZURICH AMERICAN INSURANCE         :
COMPANY,
                                               :
             Defendant.
------------------------------------------------------------X

### ANSWER AND COUNTERCLAIM OF ZURICH AMERICAN INSURANCE COMPANY TO COMPLAINT OF M. A. MORTENSON COMPANY

Defendant Zurich American Insurance Company ("Zurich"), by its undersigned counsel, for its answer to the Complaint (the "Complaint") of M. A. Mortenson Company ("Mortenson"), alleges as follows:

### AS AND FOR A FIRST DEFENSE TO THE COMPLAINT

#### I.   PARTIES

1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.     Admits the allegations contained in Paragraph 2 of the Complaint.

## II.     JURISDICTION AND VENUE

3. An answer to Paragraph 3 of the Complaint is not necessary because the allegations contained therein are moot, since the action is no longer pending in the State of Washington in the County of King. To the extent that a response is required to Paragraph 3 of the Complaint, Zurich avers upon information and belief that the modular units (the "Modular Units") were unloaded from a ship at the Port of Everett, those Modular Units remained at the Port for an extended period of time until they were subsequently transported to a project site located in Seattle, Washington (the "Construction Site"), and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Zurich avers that it transacts business in the State of Washington, and otherwise denies the allegations contained in Paragraph 4 of the Complaint.

## III.     BACKGROUND FACTS

5. Admits that this action is about water damage to modular units, which upon information and belief were manufactured in and shipped from Poland to the Port of Everett in the State of Washington, and which allegedly were ultimately installed in the construction of a citizenM Hotel located in the South Lake Union area of Seattle, Washington, that claims have been made with respect to the allegedly damaged Modular Units under a builders risk policy effective July 1, 2017 to July 17, 2018 issued by Zurich and a Marine Open Cargo Policy effective October 24, 2016 until canceled, issued by Affiliated FM Insurance Company ("Affiliated FM", and hereinafter the Marine Open Cargo Policy issued by Affiliated FM will be

referred to as the "Affiliated FM Policy"), and otherwise denies the allegation contained in Paragraph 5 of the Complaint.

6. Admits that Zurich issued the Master Builders Risk Policy referred to in paragraph 6 of the Complaint (the "Zurich Policy"), and refers to the Zurich Policy, as well as the Complaint, for their respective contents, denies all characterizations thereof, and otherwise denies the allegations contained in Paragraph 6 of the Complaint.

7. Refers to the "October 29, 2018 Notice" referenced in Paragraph 7 of the Complaint for its contents, denies all characterizations thereof, and otherwise denies the allegations contained in Paragraph 7 of the Complaint.

8. Refers to the "reservation of rights letter" referenced in Paragraph 8 of the Complaint for its contents, denies all characterizations thereof, and otherwise denies the allegations contained in Paragraph 8 of the Complaint.

9. Refers to the "Complaint" for its contents and denies all characterizations thereof, and otherwise denies that Mortenson is entitled to the relief it seeks.

10. Refers to the "contract of insurance" referenced in Paragraph 10 of the Complaint for its contents, denies all characterizations thereof, and otherwise denies the allegations contained in Paragraph 10 of the Complaint.

11. Denies the allegations contained in Paragraph 11 of the Complaint.

**IV.** **FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT**

12. Repeats and realleges each and every one of its responses to Paragraphs 1 through 11 of the Complaint as if fully set forth herein in response to Paragraph 12 thereof.

13. Admits the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies that it has failed to pay any amounts due under the Zurich Policy, avers that Zurich has paid more than it is obligated to pay under the terms of the Zurich Policy, admits that Mortenson disputes Zurich's position, and otherwise denies the allegations contained in Paragraph 15 of the Complaint.

16. Admits that there is an actual justiciable controversy between the parties, and otherwise denies the allegations contained in Paragraph 16 of the Complaint.

## V.     SECOND CAUSE OF ACTION: BREACH OF CONTRACT

17. Repeats and realleges each and every one of its responses to Paragraphs 1 through 16 of the Complaint as if fully set forth herein in response to Paragraph 17 thereof.

18. Admits that the Zurich Policy is a contract.

19. Refers to the "Zurich Policy" for its contents and denies all characterizations thereof, and otherwise denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

## OMNIBUS DENIAL

Except as expressly admitted above, Zurich denies all allegations contained in the Complaint.

## AS AND FOR A SECOND DEFENSE
## TO THE COMPLAINT

24. The Complaint fails to state a claim upon which relief can be granted as against Zurich.

## AS AND FOR A THIRD DEFENSE
## TO THE COMPLAINT

25. To the extent the Complaint states a claim against Zurich upon which relief could be granted, Zurich alleges that such claim is or may be barred by application of the equitable doctrines of waiver, estoppel, laches, ratification and unclean hands, and/or by operation of the applicable statute of limitations.

## AS AND FOR A FOURTH DEFENSE
## TO THE COMPLAINT

26. Mortenson's right to recovery, if any, must be offset by its failure to reasonably mitigate its alleged losses.

## AS AND FOR A FIFTH DEFENSE
## TO THE COMPLAINT

27. Mortenson's claims are subject to certain sublimits and deductibles under the Zurich Policy.

## AS AND FOR A SIXTH DEFENSE
## TO THE COMPLAINT

28. To the extent that the Modular Units constitute "property of the insured" and/or "property of others from which the insured has assumed responsibility" as defined in the Zurich Policy, Zurich has already paid in excess of all amounts potentially due under the Zurich Policy.

**AS AND FOR A SEVENTH DEFENSE**
**TO THE COMPLAINT**

29. The amounts being sought by Mortenson for the Modular Units are not reasonable.

**AS AND FOR AN EIGHTH DEFENSE**
**TO THE COMPLAINT**

30. Mortenson failed to take reasonable steps to protect, recover or save the alleged damaged Modular Units and minimize any further loss or damages.

**AS AND FOR A NINTH DEFENSE**
**TO THE COMPLAINT**

31. Without limiting the generality of the foregoing, there would be no coverage under the Zurich Policy to the extent that any exclusion in the Zurich Policy were to apply, or to the extent that Mortenson breached any condition of coverage in the Zurich Policy.

**AS AND FOR A TENTH DEFENSE**
**TO THE COMPLAINT**

32. To the extent the alleged damage to the Modular Units occurred outside the Coverage Territory of the Zurich Policy, there is no coverage.

**AS AND FOR AN ELEVENTH DEFENSE**
**TO THE COMPLAINT**

33. To the extent Mortenson failed to take reasonable steps to protect, recover or save the alleged damaged Modular Units and minimize further loss or damage to them, there is no coverage.

**AS AND FOR A TWELFTH DEFENSE**
**TO THE COMPLAINT**

34. The Zurich Policy does not provide coverage for damage to the Modular Units when they were in transit to the Port of Everett, while they were stored at the Port of Everett, or prior to the time they reached the Construction Site because during those periods of time the

Modular Units did not constitute "property of the insured" and/or "property of others from which the insured has assumed responsibility" as defined in the Zurich Policy.

## AS AND FOR A THIRTEENTH DEFENSE
## TO THE COMPLAINT

35. To the extent damage to the Modular Units occurred when they were in transit to the Port of Everett, while they were stored at the Port of Everett, or prior to the time they reached the Construction Site, any such insurable damage was covered by the Affiliated FM Policy on a primary basis.

## AS AND FOR A FOURTEENTH DEFENSE
## TO THE COMPLAINT

36. To the extent the Complaint fails to describe Mortenson's claims for coverage and the legal and factual basis for them with sufficient specificity, clarity or completeness so as to allow Zurich to accurately identify all of its applicable and/or potentially applicable defenses, and to the extent that the facts of the claimed coverage and of the underlying losses are not currently known in detail, Zurich expressly reserves all other coverage issues and defenses that might apply and expressly intends to waive none. Zurich also reserves the right to supplement or modify these defenses as necessary or appropriate as it acquires additional information regarding any factual allegations, legal contentions and claims for relief by any party.

## AS AND FOR A FIFTEENTH DEFENSE
## TO THE COMPLAINT

37. Zurich has predicated the foregoing Answer upon such reasonable investigation as could be accomplished within the time available, and upon such information as is currently known. Zurich has not completed its investigation of all the facts that may ultimately bear upon the merits of the factual allegations, legal contentions and claims for relief made herein, as well as of the existence or terms of all insurance policies at issue. To the extent that further

investigation, discovery in this proceeding or other developments make it necessary or appropriate to do so, Zurich expressly reserves the right to assert additional defenses, raise additional issues, and/or amend its Answer as set forth herein.

## AS AND FOR A COUNTERCLAIM AGAINST MORTENSON

### COUNT I

38. Mortenson was the prime contractor hired by the citizenM Hotel to build a hotel in the South Lake Union area of Seattle, Washington (the "Construction Site") using the Modular Units, which were prefabricated and manufactured and supplied by Polcom USA, LLC ("Polcom").

39. The Modular Units allegedly were damaged by rainwater intrusion and both Mortenson and Polcom claimed that they suffered losses remediating such damage.

40. Mortenson, Polcom, and the property owner all submitted claims for alleged water damage repair costs and other alleged losses to Zurich under the Zurich Policy.

41. The Zurich Policy was a Builder's Risk policy that provides coverage for damage to "property under construction," subject to all policy terms, but only to the extent such property is either "property of the Insured," i.e., Mortenson, or property "of others for which the Insured may have assumed responsibility."

42. While it was in the process of investigating Mortenson's claim, Zurich made a partial payment to Mortenson of its claimed loss under a full reservation of rights. Such payment was in the sum of $10,738,200 (the "Mortenson Partial Payment").

43. After making the Mortenson Partial Payment, Zurich learned that some or all of the alleged water damage to the Modular Units had occurred during their transit to the Port of

8

Everett and after they had been unloaded at the Port but remained there unprotected for a lengthy period of time.

44.     Under the terms of shipment, the Modular Units did not constitute "property of the Insured," or "of others for which the Insured may have assumed responsibility," during their transit to the Port of Everett, while they remained at the Port, or otherwise prior to the time they arrived at the Construction Site, and therefore, the Zurich Policy did not cover any damage to the Modular Units prior to the time they arrived at the Construction Site.

45.     Zurich is entitled to a declaration regarding the portion of any damage that occurred to the Modular Units prior to the time they arrived at the Construction Site, as well as a declaration regarding the portion of any damage that occurred to the Modular Units after the Modular Units arrived at the Construction Site and became the property of Mortenson or the property of others for which Mortenson had assumed responsibility.

46.     Zurich is also entitled to a declaration that, in the event the Mortenson Partial Payment exceeded the damages because of property damage that occurred to the Modular Units while they were the property of Mortenson or the property of others for which Mortenson had assumed responsibility, then Mortenson shall be responsible to Zurich for the excess payment thereof (the "Excess Payment").

## COUNT II

47.     Zurich repeats and realleges the allegations set forth in Paragraphs 37 through 45 above, as though they were fully set forth in this Paragraph.

48.     Zurich made payment on behalf of Polcom in the sum of $4,547,599, for remediation costs Polcom allegedly incurred in respect of the damaged Modular Units.

9

49. Zurich made such $4,547,599 payment on behalf of Polcom, as an alleged additional insured under the Zurich Policy, pursuant to a reservation of rights.

50. The $4,574,599 payment made on behalf of Polcom was remitted to Mortenson pursuant to the Zurich Policy's Loss Payee provision.

51. Upon information and belief, Mortenson never remitted the $4,547,599 payment to Polcom.

52. With respect to the Modular Units, Polcom was either a manufacturer or supplier of goods or products (i.e., the Modular Units) to Mortenson. The Zurich Policy provides:

> All owners, all contractors and all subcontractors of every tier, and tenants at the project location, architects and engineers, except as named in A. above, as required by contract, subcontract or oral agreement for the INSURED PROJECT, including any other entity as required by the Named Insured, and then only as their respective interests may appear are recognized as Additional Insureds hereunder. As respects manufacturers and suppliers, their interest is limited to their site activities only.

Accordingly, Polcom's interest as an additional insured "is limited to its Construction Site activities only."

53. Zurich is entitled to a declaration that Polcom was not an Additional Insured as regards the Modular Units prior to the time they arrived at the Construction Site.

54. Zurich is entitled to a declaration regarding the portion of any damage that occurred to the Modular Units prior to the time they arrived at the Construction Site, as well as a declaration regarding the portion of any damage that occurred to the Modular Units after they arrived at the Construction Site and after Polcom performed site activities on them.

55. Zurich is entitled to a declaration that Polcom is entitled to be paid by Mortenson the remediation costs incurred by Polcom regarding the portion of any damage that occurred to the Modular Units after they arrived at the Construction Site and after Polcom performed site

activities on them up to the sum of $4,547,599, and that any portion of such sum of $4,547,599 not paid by Mortenson to Polcom be returned to Zurich.

**WHEREFORE**, Zurich demands judgment:

A.  Dismissing the Complaint in its entirety and entering judgment in favor of Zurich;

B.  Declaring that Zurich is not required to indemnify Mortenson for its losses with respect to the alleged damaged Modular Units;

C.  Declaring the amount of the alleged damages because of property damage that occurred to the Modular Units, while they were not property of Mortenson or of others for which Mortenson had assumed responsibility.

D.  Declaring the amount of the alleged damages because of property damage that occurred to the Modular Units, while they were property of Mortenson or of others for which Mortenson had assumed responsibility.

E.  Declaring the amount of the Excess Payment to be returned to Zurich.

G.  Declaring that Polcom was not an Additional Insured with respect to the alleged damages because of property damage that occurred to the Modular Units while such units were not located at the Construction Site.

H.  Declaring the amount of the alleged damages because of property damage that occurred to the Modular Units prior to the time they arrived at the Construction Site and before Polcom was performing site activities on them and after the time they arrived at the Construction Site and Polcom was performing site activities on them.

I.  Declaring that Polcom is entitled to be paid by Mortenson the amount of the remediation costs incurred by Polcom regarding the portion of any damage that occurred to the Modular Units after they arrived at the Construction Site and after Polcom performed site

activities on them up to the sum of $4,547,599, and that any portion of such sum of $4,547,599 not paid by Mortenson to Polcom be returned to Zurich.

K.   Awarding Zurich the fees, costs and expenses (including, but not limited to, attorneys' fees) it incurs in connection with this action, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 27, 2022

        Respectfully submitted,

        **FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P**.

        By:   /s/ Michael L. Anania
        Michael L. Anania
        John A. Mattoon
        Wall Street Plaza, 16th Floor
        New York, New York 10005
        Tel.:   212-269-4900

        and

        **LANE POWELL PC**

        David M. Schoeggl (admitted *pro hac vice*)
        Michael M. Brown (admitted *pro hac vice*)
        1420 Fifth Avenue, Suite 4200
        Seattle, Washington 98101
        Tel.: 206.223.7000

        *Attorneys for Defendant Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document was served on all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Michael L. Anania_____